### Boyce v. Escoffie et al.

A pledge of negotiable instruments belonging to a succession, made by an executor without being expressly authorised in the manner prescribed by law, will be without effect, where the holder is the party to whom they were pledged by the executor. C. C. 3115.

The rights of creditors are fixed at the time of the debtor's death; and no one is permitted by superior diligence, or by dealing with the executor, to get an advantage over others.

APPEAL from the District Court of Rapides, *Cushman*, J. *Boyce*, appellant, *pro se*. *Thomas*, on the same side. *Cumming* and *Elgee*, for the defendants. The judgment of the court was pronounced by

SLIDELL, J. This is a suit brought on the notes of *Mrs. Escoffie*, which were given to *Boyce*, by *Brewer*, the executor of *Anderson*, for the purpose of indemnity, under the circumstances which we have stated in detail in the case of the *New Orleans Canal and Banking Company* v. *Escoffie et al.*, ante p. 830. The plaintiff declares upon the notes as holder by endorsement for value, and asks judgment against *Mrs. Escoffie* for the amount; also against *Culberson*, the endorser.

The defendants first pleaded an exception to the action, as being premature, which being overruled they answered, *Culberson* by a general denial; and *Mrs. Escoffie* by a general denial and a special plea, in substance as follows: That she gave the note as the price of a certain property bought at the succession sale of *Anderson*, her deceased husband; that by his will she was constituted the usufructuary of his half of the community, and was the owner of the other half in her own right, as surviving spouse; that she was therefore the owner of the notes herself; that if the notes are to be considered as the property of *Anderson's* estate, *Brewer*, the executor, had no right to pledge them, and the plaintiff has acquired no right whatever by the transfer.

At this stage of the proceedings, *Simon A. Anderson*, one of the executors of *Anderson's* will, intervened in the cause. The intervenor alleges that the notes are the property of *Anderson's* succession; that *Brewer*, his executor, had no right to pledge them, or transfer them by way of security to *Boyce*; that the transfer was made without his authorisation; and that there are numerous creditors of the succession who are unpaid. He claimed the delivery of the notes to himself as the executor and representative of the succession.

At the trial of the cause the facts were proved, which we have stated in the case of the *New Orleans Canal and Banking Company*, and to which we refer as showing the circumstances under which *Boyce* came into the possession of the notes. It is also proved that there are many unpaid creditors of the succession, and that those notes, with the property of the succession undisposed of, would not more than suffice to pay the remaining debts. *Brewer*, the executor, is shown to have left the State. There was judgment in the court below against the plaintiff, in favor of *Mrs. Escoffie*, as in case of non-suit; there was also judgment in favor of the intervenor, decreeing the transfer to *Boyce* null and void, and restoring the notes to the executor.

The question to be examined is the validity of the transfer of the notes to *Boyce*, as a security, and for his indemnity as surety in the bond given to the *Canal Bank* by *Mrs. Anderson*, in payment of *Culberson's* note, endorsed by

*Anderson* and by *Boyce.* The transfer was, in its nature, a contract of pledge. Had the executor, *Brewer,* a right to make it? The Code is very positive on this subject. Tutors and curators of minors and of persons under interdiction, curators of vacant estates and of absent heirs, testamentary executors, and other administrators named or confirmed by a judge, cannot give in pledge the property confided to their administration, without being expressly authorised in the manner prescribed by law. Civil Code, art. 3115. If we look also to the general principles of our jurisprudence and system of laws touching successions, they lead us with equal clearness to the conclusion that, the act of the executor in this matter, being without any judicial sanction, was invalid. At a man's death the rights of creditors are fixed. Privileges and mortgages rightfully acquired before the death are respected; but with that exception that property of the succession is a common fund, the equal pledge of all the creditors ; and one is not permitted, by superior diligence, or by dealing with the executor, who is a trustee, to get an advantage over others. Now, in the present case, if it were conceded that *Boyce* is to be regarded as a contingent creditor of *Anderson's* succession, the law did not permit him to withdraw a portion of the assets, which are the common pledge of all the creditors, for his separate protection and advantage. He could not have done it, if he had been absolutely a creditor of the succession; still less so as his right to recover against *Anderson,* as his prior endorser, was contingent and prospective only, that is to say, in case he, *Boyce,* paid the note. We have looked, for the sake of argument, at *Boyce's* rights as they stood before the note of the *Canal Bank* was paid. But his real position is even more disadvantageous. For the note upon which he was endorser was actually paid, not by himself, but by *Mrs. Escoffie.* She paid the note with her bond, upon which *Boyce* became the surety. Thus the endorsement of *Boyce* and the endorsement of *Anderson* were at an end; or, at least, if there be any equity still left in favor of *Boyce* against *Anderson's* estate, it is a very remote one. It is to be observed that *Boyce* has not yet paid any thing in any stage of this matter.

In deciding that an executor has no right to give negotiable instruments, which are the property of the succession, in pledge, we are to be considered as expressing our opinion on the case before us, where the holder is the party who has received them in pledge from the executor. What would be the rights of a *bonâ fide* holder, without notice, of a note illegally transferred by an executor, is a very different question, and one upon which we need not now express an opinion. See the cases of *Nicholson, Syndic,* v. *Chapman,* 1 Ann. Rep. 222. *Same* v. *Jacobs, ante* p. 666, and the authorities there cited.

*Judgment affirmed.*